UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILE DIVISION

| | |
|---|---|
| PAULA SANDIDGE and KENT SANDIDGE,<br><br>    Plaintiffs,<br><br>v.<br><br>ACUMED, LLC,<br><br>    Defendant. | Case No. 3:16-0376<br><br>Judge Crenshaw<br>Magistrate Judge Newbern |

To the Honorable Waverly D. Crenshaw, Jr.:

## REPORT AND RECOMMENDATION

Pending in this products liability action is Plaintiffs Paula and Kent Sandidge's Motion to Strike Defendant Acumed, LLC's Second Affirmative Defense. (Doc. No. 24.) Acumed filed a response to this motion (Doc. No. 27), and the Sandidges filed a reply (Doc. No. 30). Upon consideration of these filings, and for the reasons given below, the undersigned RECOMMENDS that the Motion to Strike be DENIED.

    **I.**    **Statement of the Case**

On February 25, 2016, the Sandidges filed a Complaint against Acumed alleging, *inter alia*, that two plates manufactured by Acumed and surgically implanted to achieve fixation of a fracture in Dr. Paula Sandidge's left elbow were defective because each plate broke shortly after implantation. (Doc. No. 1.) The Sandidges alleged only that the Acumed products were defective. They specifically excepted any claims against the surgeon who implanted the devices, alleging: "During each surgical procedure, the surgeon applied the plate as intended or in a

manner that was reasonably foreseeable and expected. There is no issue involving the surgeon's technique, as the surgeon complied fully with the recognized standard of care." (*Id*. at PageID# 3, ¶ 15.)

On April 22, 2016, Acumed filed its Answer, which reserved the affirmative defense of a third party's comparative fault. (Doc. No. 12, PageID# 50–51, ¶¶ 1–3.) On May 18, 2016, Acumed filed a Certificate of Good Faith, establishing its satisfaction of the Tennessee state statutory requirement that a medical expert be consulted to determine the good faith basis for alleging health care liability. (Doc. No. 18.) On June 9, 2016, the Sandidges filed a First Amended Complaint (Doc. No. 22), and, on June 23, 2016, Acumed filed a First Amended Answer, in which it reasserted the comparative fault affirmative defense. (Doc. No. 23, PageID# 112–13, ¶¶ 1–3.)

In Paragraph 3 of the Affirmative Defenses sections of Acumed's Answer and First Amended Answer, Acumed pleads the comparative fault as follows:

> The Defendant reserves the defense that a third party, known or unknown, may be completely or partially at fault for causing the alleged injuries and damages claimed by Plaintiffs and therefore may be added to this lawsuit and/or named on the verdict form through the doctrine of comparative fault.

(*Id.* at PageID# 113, ¶ 3.)

In the preceding Paragraph 2, Acumed alleges:

> Defendant alleges that the incident which forms the basis of this lawsuit and the injuries alleged therefrom, which are specifically denied, if proven true, are the result of the sole fault or negligence of the physician, nursing staff, employees, independent contractors, and/or those having privileges to practice at Saint Thomas Midtown[1] Hospital considering the following non-exclusive particulars:

---

[1] The one change in the affirmative defense between Acumed's original and amended answer is a correction of the hospital where Dr. Sandidge's injury was treated from Saint Thomas West Hospital to Saint Thomas Midtown Hospital. This change was made in response to the Sandidges' correction of the hospital's name in their Amended Complaint. (*See* Doc. No. 20, PageID# 74, ¶ 1.)

a. Failing to properly administer the procedures in question in allegedly implanting the Defendant's products;

b. Failing to properly and/or adequately warn the Plaintiff of any possible material risks; and

[c]. Misusing and/or subsequent unforeseen use of the product.

(*Id.* at 112–13, ¶ 2.)

Referring to Paragraph 2 of Acumed's affirmative defenses, the Sandidges ask the Court to strike Acumed's assertion of comparative fault on grounds that its allegations "fail[] to specifically identify any of the health care providers whose conduct it questions and fails to provide any factual allegations regarding the basis for asserting such claims." (Doc. No. 25, PageID# 122.) Thus, the Court will read Paragraphs 2 and 3 of Acumed's affirmative defenses together as the relevant comparative fault defense for purposes of the Sandidges' motion.

## II. Conclusions of Law

### A. Procedure

In a diversity action, the Court looks to state law to define the nature of defenses and the Federal Rules of Civil Procedure to determine the timing and manner in which they are raised. *Roskam Baking Co., Inc. v. Lanham Mach. Co., Inc.*, 288 F. 3d 895, 901 (6th Cir. 2002) (collecting cases).

Federal Rules of Civil Procedure 12(f) provides that the Court, upon a party's timely motion or on its own, "may strike from a pleading an insufficient defense[.]" Fed. R. Civ. P. 12(f). "Motions to strike are viewed with disfavor and are not frequently granted." *Operating Eng'rs Local 324 Health Care Plan v. G & W Const. Co.*, 783 F.3d 1045, 1050 (6th Cir. 2015) (citing *Brown & Williamson Tobacco Corp. v. United States,* 201 F.2d 819, 822 (6th Cir. 1953); *Lunsford v. United States*, 570 F.2d 221, 229 (8th Cir. 1977)). Nonetheless, "[a] motion to strike

should be granted if 'it appears to a certainty that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense and are inferable from the pleadings.'" *Id.* (quoting *Williams v. Jader Fuel Co.,* 944 F.2d 1388, 1400 (7th Cir. 1991)).

If, as here, the defense is asserted in a pleading to which no response is allowed, a party's motion to strike must be filed "within 21 days after being served with the pleading." Fed. R. Civ. P. 12(f)(2). Acumed's original answer containing the affirmative defense of comparative fault was filed on April 22, 2016; its amended answer was filed on June 23, 2016. (Doc. No. 12, PageID# 50–51, ¶¶ 2–3; Doc. No. 23, PageID# 112-13, ¶¶ 2–3.) The Motion to Strike was filed twenty days thereafter, on July 13, 2016. (Doc. No. 24.) Although Acumed notes that the Sandidges could have, but did not file a motion to strike in response to its original Answer, it does not challenge the Motion's timeliness. Further, the Sandidges' supporting memorandum refers to striking Acumed's "Second Affirmative Defense, as set forth in its First Amended Answer." (Doc. No. 25, PageID# 120.) Because the Amended Answer is the operative pleading, and because the Motion to Strike was timely filed in relation to it, the Motion is properly before the Court. *Newborn Bros. Co., Inc. v. Albion Eng'g Co.*, 299 F.R.D. 90, 94–95 (D.N.J. 2014).

An affirmative defense that alleges health care liability and requires expert testimony to prove fault is susceptible to a motion to strike if it is not supported by the filing within thirty days of a certificate of good faith pursuant to Tennessee Code Annotated section 29-26-122(b). *Swearengen v. DMC-Memphis, Inc.*, 488 S.W.3d 774, 780–81 (Tenn. Ct. App. 2015). Acumed filed a certificate of good faith within thirty days of its original Answer, and the Sandidges do not argue that there was any need to refile the certificate with Acumed's Amended Answer. Thus, this requirement has been satisfied.

4

### B. Merits

Rule 8.03 of the Tennessee Rules of Civil Procedure designates "comparative fault (including the identity or description of any other alleged tortfeasors)" as an affirmative defense. Tenn. R. Civ. P. 8.03. Under Tennessee law, "Rule 8.03 contemplates that at the pleading stage, either the identity or a description of another potential tortfeasor is sufficient to initiate discovery." *Brown v. Wal-Mart Discount Cities*, 12 S.W.3d 785, 787 (Tenn. 2000). "[R]ule 8.03 does not require a defendant to set forth previously unpleaded facts to support his or her defense, but instead requires that the defendant plead facts supporting his or her defense in an affirmative, or positive, manner." *Young ex rel. Young v. Kennedy*, 429 S.W.3d 536, 553 (Tenn. Ct. App. 2013). Importantly, "nothing in Rule 8.03 requires that these facts come from outside the Complaint." *Id*. Further, "[i]t is well settled . . . that if the opposing party is given fair notice of the defense and an opportunity to rebut it, failure to specifically plead [a defense] will not result in a waiver." *Id*. (citing *Sands v. State*, 903 S.W.2d 297, 299 (Tenn. 1995)).[2]

Shortly after Tennessee adopted the doctrine of comparative fault, the state legislature enacted Tennessee Code Annotated section 20-1-119, a savings statute which gives plaintiffs a ninety-day "grace period" in which to amend a complaint to include as defendants any nonparties identified in a comparative fault defense where the statute of limitations for such claims otherwise would have run.[3] *Swearengen*, 488 S.W.3d at 778. Section 20-1-119 "applies whenever a defendant's answer gives a plaintiff notice of the identity of a potential nonparty

---

[2] In this way, Tennessee law is not materially different from the federal standard that "[a]n affirmative defense may be pleaded in general terms and will be held to be sufficient . . . as long as it gives plaintiff fair notice of the nature of the defense." *Lawrence v. Chabot*, 182 F. App'x 442, 456 (6th Cir. 2006) (quoting 5 Wright & Miller, *Federal Practice and Procedure* § 1274).

[3] The applicable statute of limitations in Tennessee health care liability cases is one year. Tenn. Code Ann. § 29-26-116.

5

tortfeasor and alleges facts that reasonably support a conclusion that the nonparty caused or contributed to the plaintiff's injury." *Austin v. State*, 222 S.W.3d 354, 358 (Tenn. 2007). The statute's purpose is "to 'provide an injured party with a fair opportunity to bring before the court all persons who caused or contributed to the party's injuries.'" *Romine v. Fernandez*, 124 S.W.3d 599, 604 (Tenn. Ct. App. 2003) (quoting *Townes v. Sunbeam Oster Co.*, 50 S.W.3d 446, 451 (Tenn. Ct. App. 2001)). For this reason, "this statute is not to be construed narrowly, but should be construed liberally." *Id*.

The Sandidges argue that Acumed's pleading of the comparative fault "of the physician, nursing staff, employees, independent contractors, and/or those having privileges to practice at Saint Thomas Midtown Hospital" does not sufficiently identify potential comparative tortfeasors. The Sandidges further argue that Acumed's pleading of the grounds of these nonparties' liability—"failing to properly administer the procedures in question in in allegedly implanting [the product]," "failing to properly and/or adequately warn . . . of any possible material risks," and "misusing and/or subsequent unforeseen use of the product"—does not allege sufficient facts to reasonably support the affirmative defense. (Doc. No. 25, PageID# 123–25.) Thus, the Sandidges contend that they are left without any basis for making a good faith claim against any nonparty health care provider. They argue that by not identifying "any specific individuals or entities by name, title, or description" (Doc. No. 30, PageID# 173), Acumed has failed to meet the requirements of Rule 8.03 and has effectively thwarted the operation of section 20-1-119 to toll the statute of limitations.

However, Tennessee courts have held otherwise on similar facts. In *Romine v. Fernandez*, 124 S.W.3d 599, the Tennessee Court of Appeals considered whether a defendant doctor's comparative fault defense had sufficiently identified claims against a nonparty second

6

doctor and nurse anesthetist to allow the plaintiff to invoke section 20-1-119 and overcome a statute of limitations defense. The original defendant, Dr. Morris, pleaded that "plaintiff was administered [the injury-causing drug] by the Methodist Hospital staff, but not at Dr. Morris' order." *Id.* at 604. Dr. Morris further alleged:

> Dr. Morris has no knowledge of any act of medical negligence committed by any other defendant or third party in the care and treatment of the plaintiff. However, in the event that the plaintiff's allegations of negligence on the part of co-defendants are true, and if the plaintiffs are successful in presenting a factual basis for those allegations, then in that instance Dr. Morris invokes the doctrine of comparative fault and says that under no circumstance would he be liable for more than a proportionate share of the total fault.

*Id.* at 601.

The Court of Appeals found, as had the trial court before it, that "the statements contained in Dr. Morris' answer were sufficient to put the [plaintiffs] on notice that someone other than Dr. Morris administered the [treatment in question]." *Id.* at 604. The Court of Appeals held that,

> [a]lthough Dr. Morris did not specifically state the names of [the physician and nurse anesthetist], Dr. Morris' answer provided "reasonable notice of a third party claim and, coupled with the available . . . discovery tools, the plaintiff had more than adequate opportunity and time to discover the third party's identity" and to amend their complaint to add [these parties] within the ninety (90) days following the filing of Dr. Morris' answer.

*Id.* at 604–05 (quoting *Soper v. Wal-Mart Stores, Inc.*, 923 F. Supp. 1032, 1038 (M.D. Tenn. 1996)).

In *Swearengen v. DMC-Memphis, Inc.*, the Tennessee Court of Appeals relied on its prior decision in *Romine* to find that a comparative fault allegation which did not specifically name any nonparty tortfeasor was nonetheless sufficient under Rule 8.03 and section 20-1-119. In *Swearengen*, defendant DMC-Memphis's original answer invoked the comparative fault of "the physicians treating" the plaintiff Swearengen based on the fact that DMC-Memphis was not

7

engaged in the practice of medicine and did not employ the physicians who treated Swearengen. 488 S.W.3d at 775–76. Eight months after the filing of this original answer and affirmative defense, DMC-Memphis filed an amended answer in which it identified by name a medical group, physician, and nurse practitioner as potential nonparty tortfeasors. *Id.* at 776. Swearengen then amended his complaint to name these parties as additional defendants. *Id.* However, the trial court subsequently granted the newly added defendants' motion to dismiss on statute of limitation grounds. *Id.* The court found that DMC-Memphis's assertion of comparative fault in its original answer was sufficient to satisfy Rule 8.03 and trigger the 90-day grace period provided by section 20-1-119, and that that 90-day period had expired by the time Swearengen amended his complaint. *Id.*

The Court of Appeals affirmed, finding that "[a]lthough [the] original answer did not name specific physicians or parties who treated Mr. Swearengen, Mr. Swearengen's complaint references and describes with particularity negligent treatment by physicians." *Id.* at 778. Relying upon the decision in *Romine*, the *Swearengen* court found that "Swearengen's argument that DMC's answer did not trigger [section 20-1-119] because it did not identify [the third-party defendants] by name is without merit." *Id*. at 780. DMC's identification of "the physicians treating" Swearengen combined with Swearengen's allegations of negligence in his medical care, was enough to provide "more than a 'fair opportunity'" to discover the names of the specific nonparties who had provided such treatment. *Id.* at 780 (quoting *Townes,* 50 S.W.3d at 451).

In this case, Acumed acknowledges that the language of its answer limits its defense to the comparative fault of those individuals "who carried out . . . the identified acts or omissions"—surgically implanting the Acumed plates, providing warnings to the Sandidges of any material risks associated with such surgical implants, and misusing or using the plates in an

8

unforeseen way. (Doc. No. 27, PageID# 154–55.) Acumed asserts that "this description identifies and limits other potential tortfeasors to individuals and/or entities with whom the Plaintiff is already quite familiar—such as the physician or other hospital staff who performed the two procedures allegedly implanting Acumed's products." (*Id.* at PageID# 155.)

Indeed, in their original and amended complaints the Sandidges affirmatively alleged that "[d]uring each surgical procedure, the surgeon applied the plate as intended or in a manner that was reasonably foreseeable and expected. There is no issue involving the surgeon's technique, as the surgeon complied fully with the recognized standard of care." (Doc. No. 1, PageID# 3, ¶ 15; Doc. No. 22, PageID# 93, ¶ 15.) This allegation evidences that Dr. Sandidge identified her surgeon(s) and dismissed their acts as a sole or contributing cause of her injuries before Acumed asserted comparative fault. Although the Sandidges did not see fit to name the surgeon as a defendant to their claims, that decision does not prevent Acumed from asserting a comparative fault defense against that person. Moreover, following the filing of its original answer, Acumed filed its Certificate of Good Faith in which it again identified negligent medical care or treatment as a potential cause of Dr. Sandidge's injuries. (Doc. No. 18, PageID# 69.)

As to the nonparties potentially at fault for failure to warn of material risks, Acumed's seventh affirmative defense specifies that such risks "should be identified by the health care provider, as a learned intermediary and/or sophisticated user, prior to any procedure and the healthcare practitioner should instruct regarding appropriate post-procedure follow-up care."[4]

---

[4] The Court is not constrained to examine only the paragraph of Acumed's amended answer in which it explicitly alleges the fault or negligence of nonparties, but may look to the pleading as a whole in determining whether comparative fault is sufficiently alleged. *See Austin*, 222 S.W.3d at 357–59.

(Doc. No. 23, PageID# 113, ¶ 7.) Thus, Acumed limits its assertion of this aspect of its defense to "the health care provider [or] practitioner" engaged in Dr. Sandidge's care.

Like the plaintiffs in *Romine* and *Swearengen*, the Sandidges received sufficient notice from Acumed's original and amended answers to identify, through discovery or through their own firsthand knowledge, the persons who provided Dr. Sandidge's care against whom Acumed alleges contributory fault.

As to whether Acumed affirmatively pleaded sufficient facts to identify the grounds of its claimed comparative fault, all that is required is the allegation of "facts that reasonably support a conclusion that the nonparty caused or contributed to the plaintiff's injury." *Austin*, 222 S.W.3d at 358. There is no requirement that previously unpleaded facts be alleged. *See Young*, 429 S.W.3d at 553 (quoting *George v. Building Materials Corp.*, 44 S.W.3d 481, 487 (Tenn. 2001)). Acumed has affirmatively pleaded that the plates broke, not because they were defective or unreasonably dangerous, but because they were improperly implanted, misused, or used unforeseeably by Dr. Sandidge's health care providers, or because those providers did not properly warn Dr. Sandidge of the risks associated with the plates' implantation. (Doc. No. 23, PageID# 112–14, ¶¶ 2, 7, 12.) These factual allegations provide adequate basis upon which the Sandidges could make good faith claims against the identified nonparties.

Accordingly, as in *Romine* and *Swearengen*, Acumed's Answer and Amended Answer are sufficiently specific to put the Sandidges on notice of the potential fault of those people who provided the medical treatment in question and to provide ample opportunity to discover the names of such persons in time to add them as defendants via section 20-1-119. Tennessee Rule of Civil Procedure 8.03 is satisfied and Acumed sufficiently pleaded its affirmative defense.

**III.    Recommendation**

For these reasons, the undersigned RECOMMENDS that Paula and Kent Sandidge's Motion to Strike (Doc. No. 24) be DENIED.

Any party has fourteen (14) days from the receipt of this Report and Recommendation in which to file any written objections to it with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in which to file any responses to said objections. Fed. R. Civ. P. 72(b)(2). Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004) (en banc).

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge